STEVEN L. DERBY, Esq. (SBN 148372)
DERBY, McGUINNESS & GOLDSMITH, LLP
501 West Broadway, Suite 800
San Diego, CA 92101
Telephone: (510) 987-8778
Facsimile: (510) 359-4419
eservice@dmglawfirm.com
sderby@dmglawfirm.com

ANTHONY GOLDSMITH, Esq. (SBN 125621)
DERBY, McGUINNESS & GOLDSMITH, LLP
21550 Oxnard Street, Suite 300
Woodland Hills, CA 91367
Telephone: (818) 213-2762
Facsimile: (510) 359-4419
eservice@dmglawfirm.com
agoldsmith@dmglawfirm.com

Attorneys for Plaintiff
ROBERT GRISAK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT GRISAK,<br><br>　　　　　　　Plaintiff,<br>　v.<br><br>44th DISTRICT AGRICULTURAL ASSOCIATION AND STATE OF CALIFORNIA,<br><br>　　　　　　　Defendants. | CASE NO.<br><br><u>Civil Rights</u><br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**<br><br><u>DEMAND FOR JURY TRIAL</u> |

Plaintiff ROBERT GRISAK ("Plaintiff") complains of Defendants 44th DISTRICT AGRICULTURAL ASSOCIATION AND STATE OF CALIFORNIA ("Defendants") and each of them, and alleges as follows:

///

1

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

**INTRODUCTION**

1. This case involves the denial of accessible walks, paths of travel and accessible restroom facilities to Plaintiff, a qualified person with a disability, in connection with the buildings and grounds of the Colusa County Fairgrounds located at 1303 10th Street Colusa, California ("The Property") which is and was at all relevant times owned and/or operated and/or maintained and/or inspected and/or subject to modifications and alterations by Defendants.

2. Plaintiff encountered inaccessible walkways and restroom facilities on February 3, 2022, while attending the annual Farm Show put on at The Property by Defendants. Plaintiff returned to The Property to address the Colusa County's Board of Directors about the inaccessible facilities and again encountered multiple access barriers as more particularly described below.

3. Plaintiff seeks injunctive relief, recovery of damages for the violation of his civil rights, and recovery of reasonable attorney fees, litigation expenses, and costs.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction of this action, pursuant to: (a) 28 U.S.C. § 1331 for violations of the Americans with Disabilities Act of 1990 (hereinafter, the "ADA"), 42 U.S.C. §§ 12101 et seq.; (b) 28 U.S.C. § 1343(3) for claims arising under § 504 of the Rehabilitation Act of 1973 (hereinafter the "Rehabilitation Act"); and (c) 28 U.S.C. § 1367(a) for supplemental jurisdiction over attendant and related causes of action arising from the same nucleus of facts and brought under California law, including, but not limited to, violations of California Civil Code §§ 51, 54, 54.1. This court also has jurisdiction over Plaintiff's claims for declaratory or injunctive relief, pursuant to the ADA, the Rehabilitation Act of 1973, 28 U.S.C. § 2202 and Rule 65 of the Federal Rules of Civil Procedure, and State law authorizing injunctive relief.

5. Venue is proper in this court, pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff's claims arose within the Judicial District of the United States District Court for the

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Eastern District of California. The incident occurred in the City of Colusa in Colusa County, California.

## **PARTIES**

6. Plaintiff is, and at all times relevant to this Complaint was, a "physically disabled person" and a "person with disabilities," as these terms are used under California law and under federal laws, including, but not limited to, § 504 of the Rehabilitation Act of 1973 and the ADA. The terms "physically disabled person," "person with a disability," and a "person with disabilities" will be used interchangeably throughout this Complaint. Plaintiff requires, the use of a walker for mobility virtually all of the time when he is engaging in any activity outside of the home, as well as for many daily activities of living at home. Specifically, he uses a walker to get around due to arthritis in his knees and hips and a heart condition. Plaintiff has a permanent disability placard issued by Defendant STATE OF CALIFORNIA.

7. Plaintiff avers, on information and belief, that Defendants are each government entities. Defendant 44th DISTRICT AGRICULTURAL ASSOCIATION is a public entity organized and existing under the laws of the State of California under the supervision and control of the California Dept. of Agriculture with responsibility for, *inter alia*, owning, operating and maintaining The Property. Defendant STATE OF CALIFORNIA is a sovereign state government who, through its Dept. of Agriculture has responsibility for, inter alia, owning, operating and maintaining The Property.

8. Defendants each conduct various business ventures at The Property wherein they collect a fee for entrance. Further, at some events, such as the Annual Farm Show, on information and belief Defendants charge show participants for booth space. Finally, Defendants rent out space for a fee at The Property including Atwood Hall, Etchepare Hall and Festival Hall to other business ventures. Thus, Defendants own and operate The Property as a business establishment.

9. Plaintiff does not know the relative responsibilities of Defendants with respect to the responsibility for the ownership and/or operation of The Property and alleges a joint venture and common enterprise by Defendants in the ownership and/or operation of each such program, service, activity, public accommodation, and public accommodations, facilities and elements.

10. Plaintiff is informed and believes that each of the Defendants herein is the agent, servant, employee, representative, joint venturer and/or common enterprise affiliate of each of the other Defendants, and performed all acts and omissions stated herein within the scope of such agency or employment or representative capacity or joint venture or common enterprise, and is responsible, in some manner, for the acts and omissions of the other Defendants in proximately causing the damages complained of herein.

11. Plaintiff is informed and believes, and on that basis alleges, that each of the named Defendants and each of the fictitiously named Defendants are legally responsible in some manner for the occurrences herein alleged, and that the injuries as alleged herein were caused by the acts and/or omissions of such Defendants. Adherence to the fiction of the separate existence of these certain Defendants as an entity distinct from certain other Defendants would permit an abuse of the corporate privilege and would sanction fraud and/or promote injustice.

12. This complaint is pleaded in the alternative, pursuant to Rule 8(d)(2) of the Federal Rules of Civil Procedure.

**GOVERNMENT CLAIM FILED**

13. A proper and timely tort claim was presented to both Defendants on behalf of Plaintiff, pursuant to Government Code § 910 et seq., and this action was thereafter timely filed within all applicable statutes of limitation.

**FACTUAL BASIS FOR COMPLAINT AGAINST ALL DEFENDANTS**

14. On February 3, 2022, Plaintiff attended the annual farm Show put on by Defendants. He entered the Atwood Hall from the west end to explore the exhibits, while there he had to use the restroom. There were no signs directing him to an accessible bathroom. He entered the restroom and found that it did not have accessible facilities for him to use but since he needed to urinate, he attempted the use the restroom stall. The commode was extremely low. There were no handrails. He attempted to lower himself on to the commode and was only able to do so with great difficulty. He could barely get up and only with great difficulty.

15.     On February 23, 2022, Plaintiff returned to the Property to address the Colusa County Fair's Board of Directors about his experience on February 3rd. He again encountered multiple barriers which caused him difficulty, discomfort and embarrassment including inaccessible parking, paths of travel and restrooms.

## FIRST CLAIM

[FOR DISCRIMINATION IN VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT OF 1990]

16.     Plaintiff re-alleges and incorporates by reference, as though fully set forth hereafter, each and every fact and allegation contained in the previous paragraphs of this Complaint and incorporates them herein.

17.     At all times herein mentioned, Plaintiff was entitled to the protections of the "Public Services" provisions of Title II of the ADA, Subpart A, which prohibits discrimination by any public entity as defined by 42 U.S.C. section 12131.  Pursuant to 42 U.S.C. 12132, section 202 of Title II, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the "services, programs or activities" of a public entity, or be subjected to discrimination by such entity.  Plaintiff was, at all times relevant herein, a qualified individual with a disability for all purposes under the ADA.

18.     In violation of Title II of the ADA, Defendants have failed to ensure that individuals with physical disabilities, such as Plaintiff, are not excluded from the "services, programs and activities" of its public expositions and programs at The Property including but not limited to the Annual Farm Show and other events open to the public. Further, by failing to make The Property accessible to and useable by disabled persons such as Plaintiff, Defendants have denied him the ability to address his government for a redress of grievances.

19.     In addition, on information and belief, the Government Defendants have violated their duties under the regulations set forth in §35.151 of 28 C.F.R. Part 35 governing the design, construction, modification, and alteration of elements, features, and facilities owned and/or operated by public entities, as well as their duty to maintain accessible features, elements, and

facilities in an accessible condition.

20. Plaintiff is a local resident who desires to return to The Property for other events including but not limited to the Annual Farm Show which he has attended for a number of years. However, Plaintiff is presently deterred from returning until The Property is made accessible.

21. Plaintiff avers that, based on the condition of the features he encountered Defendants intentionally violated the ADA and other disability rights laws as demonstrated, at the least, through deliberate indifference to the needs and safety of people with disabilities as to the condition of The Property's walkways, paths of travel and restroom facilities.

22. As a direct and proximate result of the named Defendants' violations of the ADA, Plaintiff sustained injuries and damages, and against each Defendant named in this cause of action, is entitled to the relief set forth in the Prayer, *infra*, including all damages and penalties allowed under federal law, attorneys' fees, and injunctive relief.

## SECOND CLAIM

[FOR VIOLATIONS OF § 504 OF THE REHABILITATION ACT OF 1973 (29 U.S.C. § 794)]

23. Plaintiff re-alleges and incorporates by reference, as though fully set forth hereafter, each and every fact and allegation contained in the previous paragraphs of this Complaint and incorporates them herein.

24. Plaintiff avers, on information and belief, that Defendants are each government entities. Defendant 44th DISTRICT AGRICULTURAL ASSOCIATION is a public entity organized and existing under the laws of the State of California under the supervision and control of the California Dept. of Agriculture with responsibility for, *inter alia*, owning, operating and maintaining The Property. Defendant STATE OF CALIFORNIA is a sovereign state government who, through its Dept. of Agriculture has responsibility for, inter alia, owning, operating and maintaining The Property. Plaintiff is informed and believes, and thereon alleges, that the Defendants, and each of them, has been and is a recipient of federal financial assistance and that part of that financial assistance was and is used to fund the construction and/or alteration, and/or operations of The Property.

25. Defendants have, on information and belief, failed to ensure that individuals with physical disabilities, such as Plaintiff, are not excluded from the "services, programs and activities" at The Property as more fully set forth hereinabove, in the First Claim. By reason of Defendants' discriminatory policies regarding the failure to provide accessible elements, features, and conditions at The Property so as to render it "accessible to and useable by" mobility impaired persons, Defendants have intentionally discriminated against Plaintiff in violation of section 504 of the Rehabilitation Act of 1973, 29 U.S.C. section 794, and the regulations promulgated thereunder: including those regulations governing: (i) the design, construction, modification, and alteration of elements and facilities or other public properties; (ii) the inspection and maintenance of said elements and facilities, so that they remain in an accessible and useable condition; and (iii) the provision of accessible programs, services and activities open to the public at The Property.

26. Plaintiff is a local resident who desires to return to The Property for other events including but not limited to the Annual Farm Show which he has attended for a number of years. However, Plaintiff is presently deterred from returning until The Property is made accessible.

27. Plaintiff avers that, based on the condition of the features Plaintiff encountered, Defendants intentionally violated the ADA and other disability rights laws as demonstrated, at the least, through deliberate indifference to the needs and safety of people with disabilities as to the condition of sidewalks and walkways and elements and features contained therein.

28. As a direct and proximate result of the named Defendants' violations of the Rehabilitation Act, Plaintiff sustained damages, and against each Defendant named in this cause of action, is entitled to the relief as set forth in the Prayer, *infra*, including all damages and penalties allowed under federal law, attorneys' fees, and injunctive relief.

**THIRD CLAIM**

[FOR VIOLATION OF SECTIONS CALIFORNIA CIVIL CODE §§ 51, 54, 54.1 AND CALIFORNIA GOVERNMENT CODE §§ 4450 et seq.]

29. Plaintiff re-alleges and incorporates by reference, as though fully set forth hereafter, each and every fact and allegation contained in the previous paragraphs of this

Complaint and incorporates them herein.

30. At all times relevant to this Complaint, California Civil Code section 54(a) has provided, in pertinent part, that: "(a) Individuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings. . . public facilities and other public places."

31. At all times relevant to this Complaint, California Civil Code section 54.1 has provided that physically disabled persons are not to be discriminated against because of physical handicap or disability in the use of a public accommodation:

> . . . [P]hysically disabled persons shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities and privileges of all common carriers, airplanes, motor vehicles.. . . or any other public conveyances or modes of transportation, telephone facilities, hotels, lodging places, places of public accommodation, and amusement or resort, and other places to which the general public is invited, subject only to the conditions or limitations established by law, or state or other federal regulations, and applicable alike to all other persons.

32. At all times relevant to this Complaint, California Civil Code section 51(b) provided, in pertinent part:

> (b) All persons within the jurisdiction of this state are free and equal and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical conditions, are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

33. Plaintiff is informed and believes, and therefore alleges, that Defendants' programs, services, and activities at The Property are and were required to be accessible within the meaning of California Government Code sections 4450 and 4451 *et seq*.

34. Additionally, Title 24-2 of the California Code of Regulations requires that facilities and elements that are required to be accessible must be maintained in an accessible condition. Further, Plaintiff alleges that, at all relevant times, the Defendants were required to comply with Title II of the ADA, as more fully set forth in the First Claim, above, and failed to do so as more fully set forth above.

35. Plaintiff and other similarly situated people with mobility disabilities are unable to use and attend events at The Property including but not limited to the Annual Farm Show on a

"full and equal" basis, unless each such facility is in compliance with the provisions of California Government Code sections 4450 *et seq.* and the ADA.  Plaintiff is a member of that portion of the public whose rights are protected by the provisions of Government Code sections 4450 *et seq.*

36. On information and belief, the actions and omissions of Defendants, as herein alleged, constitute a denial of access to and use of the described sidewalks, public elements, and facilities by Plaintiff and other similarly situated physically disabled persons within the meaning of Government Code sections 4450 *et seq.*  As a result of Defendants' actions and omissions, Defendants have discriminated against Plaintiff in violation of Government Code sections 4450 *et seq.*, and in violation of the regulations adopted to implement section 4450, as set forth in the California Code of Regulations, Title 24-2.  A violation of sections 4450 *et seq.* constitutes a violation of the general anti-discrimination provisions, Civil Code sections 51(b), 54, and 54.1.

37. Each violation of the Americans with Disabilities Act of 1990 (as pleaded in the First Claim) also constitutes a violation of sections 51(f), 54(c), and 54.1(d) of the California Civil Code, thus independently justifying an award of damages and injunctive relief [under Section 52(c)] pursuant to California law.  Plaintiff alleges that he has been denied such full and equal access as required by California law, which incorporates Title II of the ADA.

38. Each violation of Plaintiff's rights under section 51 of the Civil Code entitles Plaintiff to injunctive relief and an award of damages, attorneys' fees, and costs, pursuant to § 52 of the Civil Code.  Each violation of Plaintiff's rights under §§ 54 or 54.1 of the Civil Code entitles Plaintiff to an award of damages, attorneys' fees, and costs pursuant to § 54.3 of the Civil Code. Plaintiff does not seek any injunctive relief pursuant to §55 of the California Civil Code.

39. As a direct and proximate result of Defendants' violation of California Civil Code §§ 51, 54, and/or 54.1, Plaintiff sustained damages, and against each Defendant named in this Cause of Action, is entitled to relief as set forth in the Prayer, *infra*, including, with respect to each violation of Civil Code § 51, all damages and penalties allowed by California Civil Code § 52 and California law, three times actual damages, and attorneys' fees.

WHEREFORE, Plaintiff respectfully requests the following relief:

**PRAYER FOR RELIEF**

1.    Issue a preliminary and permanent injunction (under 42 U.S.C. 12133 to address violations of Title II of the ADA as pled in the First Claim, and under 29 U.S.C. 794(a) to address violations of section 504 of the Rehabilitation Act of 1973 as pled in the Second Claim and under §52 of the Civil Code to address violations of §51 of the Civil Code)  directing that Defendants -- as current owners and operators of The Property -- modify the above-described features and elements to provide access to said features, programs and facilities to Plaintiff and persons similarly situated so that they may obtain the benefits of, and access to these programs, services and activities in a "full and equal" manner;  and to maintain each such accessible feature, program and facility at The Property including but not limited to all walkways, and paths of travel, programs, service, activities and facilities in an accessible condition;

2.    Retain jurisdiction over the Defendants until such time as the Court is satisfied that said Defendants' unlawful policies, practices, acts and omissions, and maintenance of inaccessible conditions at The Property no longer occur, and will not recur.

3.    Award to Plaintiff all appropriate damages, including but not limited to statutory damages, special damages, general damages in an amount within the jurisdiction of the Court, according to proof under: (1) 42 U.S.C. section 12133, (for violation of Title II of the ADA, as set forth in the First Claim); (2) 29 U.S.C. section 794(a) (for violation of Section 504 of the Rehabilitation Act of 1973 as set forth in the Second Claim); Additionally, Plaintiff seeks statutory and actual damages up to three times the amount of such actual damages for each violation of section 51 of the California Civil Code (per section 52 of the California Civil Code) and each violation of sections 54 and 54.1 of the California Civil Code (per section 54.3 of the California Civil Code); provided that Plaintiff shall, before trial, elect as to whether to pursue an award of damages under section 52 or section 54.3.

4.    Plaintiff does not seek any injunctive relief under Civil Code section 55 nor under any section of the California Business and Professions Code;

5.    Award Plaintiff all reasonable attorneys' fees, litigation expenses and costs of this proceeding, as provided by 42 U.S.C. section 12133 (for violations of Title II of the ADA), 29

U.S.C. section 794(b) (for violations of Section 504 of the Rehabilitation Act of 1973); under section 52 of the California Civil Code for violation of section 51 of the California Civil Code, and section 54.3 for violation of sections 54 and 54.1 of the California Civil Code and under California Code of Civil Procedure 1021.5.

  6. Award prejudgment interest pursuant to California Civil Code section 3291; and

  7. Grant such other and further relief as this Court may deem just and proper.

DATED: October 3, 2022    DERBY McGUINNESS & GOLDSMITH LLP

By /s/ *Steven L. Derby*
Steven L. Derby, Esq.
Attorney for Plaintiff
ROBERT GRISAK

## DEMAND FOR JURY

Plaintiff hereby respectfully demands a jury trial in this action for all claims for which a jury is permitted, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED: October 3, 2022    DERBY McGUINNESS & GOLDSMITH LLP

By /s/ *Steven L. Derby*
Steven L. Derby, Esq.
Attorney for Plaintiff
ROBERT GRISAK